**United States Department of Justice**

United States Attorney
Southern District of West Virginia

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301

1-800-659-8726
304-345-2200
FAX: 304-347-5104

FILED
JUN 14 2022
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

May 25, 2022

John A. Carr, Esq.
179 Summers St., Suite 209
Charleston, WV 25301

      Re: United States v. Todd Christopher Roatsey
           Criminal No. 2:21-cr-00235 (USDC SDWV)

Dear Mr. Carr:

    This will confirm our conversations with regard to your client, Todd Christopher Roatsey (hereinafter "Mr. Roatsey"). As a result of these conversations, it is agreed by and between the United States and Mr. Roatsey as follows:

    1.    **PENDING CHARGES.** Mr. Roatsey is charged in a thirteen-count third superseding indictment as follows:

    (a)    Counts One and Two charge Mr. Roatsey with violations of 18 U.S.C. §§ 2251(a) and (e) (attempted production of child pornography);

    (b)    Counts Three and Four charge Mr. Roatsey with violations of 18 U.S.C. § 2422(b) (attempted enticement of a minor);

    (c)    Counts Five and Six charge Mr. Roatsey with violations of 18 U.S.C. §§ 2252A(a)(2) and (b)(1) (attempted receipt of child pornography);

    (d)    Counts Seven and Eight charge Mr. Roatsey with violations of 18 U.S.C. §§ 2252A(a)(2) and (b)(1) (attempted distribution of child pornography);

    (e)    Count Nine charges Mr. Roatsey with a violation of 18

TCR
Defendant's Initials

John A. Carr, Esq.  
May 25, 2022                          Re: Todd Christopher Roatsey  
Page 2

            U.S.C. §§ 2252A(a)(5)(B) and (b)(2) (access with intent to view prepubescent child pornography);

(f)    Counts Ten and Eleven charge Mr. Roatsey with violations of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) (possession of prepubescent child pornography);

(g)    Count Twelve charges Mr. Roatsey with a violation of 18 U.S.C. § 1512(c)(1) (corruptly destroying a record with the intent to impair its integrity or availability for use in an official proceeding); and

(h)    Count Thirteen charges Mr. Roatsey with a violation of 18 U.S.C. § 1519 (destruction of a record with the intent to impede, obstruct, or influence the investigation and proper administration of a matter within the jurisdiction of a federal agency).

    2.   **RESOLUTION OF CHARGES.** Mr. Roatsey will plead guilty to Count One of said third superseding indictment, which charges him with a violation of 18 U.S.C. §§ 2251(a) and (e), and Count Three, which charges him with a violation of 18 U.S.C. § 2422(b). Following final disposition, the United States will move the Court to dismiss Counts Two and Four through Thirteen in Criminal No. 2:21-cr-00235 as to Mr. Roatsey.

    3.   **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Roatsey will be exposed by virtue of this guilty plea is as follows:

Count One

(a)    Imprisonment for a period of 15 to 30 years;

(b)    A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c)    A term of supervised release of five years to life;

                                               TCR  
                                              Defendant's  
                                              Initials

John A. Carr, Esq.  
May 25, 2022                                    Re: Todd Christopher Roatsey  
Page 3

    (d)  A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013 and $5,000 pursuant to 18 U.S.C. § 3014; and

    (e)  An order of restitution pursuant to 18 U.S.C. §§ 2259, 3663A, and 3664, or as otherwise set forth in this plea agreement.

Count Three

    (a)  Imprisonment for a period of 10 years to life;

    (b)  A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)  A term of supervised release of five years to life;

    (d)  A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013 and $5,000 pursuant to 18 U.S.C. § 3014; and

    (e)  An order of restitution pursuant to 18 U.S.C. §§ 2429, 3663A, and 3664, or as otherwise set forth in this plea agreement.

Total Maximum Penalty

    (a)  Imprisonment for a period of 15 years to life;[1]

    (b)  A fine of $500,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

---

[1] If the Court accepts the plea agreement, as set forth in Paragraph 12 below, the minimum term of imprisonment will be 25 years and the maximum term of imprisonment will be 35 years.

                                                                           _TCR_  
                                                                         Defendant's  
                                                                         Initials

John A. Carr, Esq.  
May 25, 2022    Re: Todd Christopher Roatsey  
Page 4

    (c)    A term of supervised release of five years to life;[2]

    (d)    A mandatory special assessment of $200 pursuant to 18 U.S.C. § 3013 and $10,000 pursuant to 18 U.S.C. § 3014; and

    (e)    An order of restitution pursuant to 18 U.S.C. §§ 2259, 2249, 3663A, and 3664, or as otherwise set forth in this plea agreement.

    4.    **SPECIAL ASSESSMENT.** Prior to the entry of a plea pursuant to this plea agreement, Mr. Roatsey will tender a check or money order to the Clerk of the United States District Court for $200, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Mr. Roatsey will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Mr. Roatsey fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Roatsey.

    5.    **RESTITUTION.** Notwithstanding the offense of conviction, Mr. Roatsey understands that the Court shall order restitution the victims in this case for the full amount of the victims' losses, if any. Mr. Roatsey further agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible. In aid of restitution, Mr. Roatsey further agrees as follows:

    (a)    Mr. Roatsey agrees to fully assist the United States in identifying and locating any assets to be applied toward

---

[2] If the Court accepts the plea agreement, as set forth in Paragraph 12 below, the term of supervised release shall be life.

_TCR_ (handwritten)  
Defendant's Initials

John A. Carr, Esq.  
May 25, 2022                         Re: Todd Christopher Roatsey  
Page 5  

        restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

    (b)    Mr. Roatsey will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

    (c)    Mr. Roatsey agrees not to dispose of, transfer or otherwise encumber any real or personal property which he currently owns or in which he holds an interest.

    (d)    Mr. Roatsey agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest he may have in and to such property, and waives his right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

    (e)    Mr. Roatsey agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds the amount of $10,000 per victim. However, nothing in this provision is intended to preclude the Court from ordering Mr. Roatsey to pay a greater or lesser sum of restitution in accordance with law.

    6.    **ABANDONMENT OF PROPERTY.** Mr. Roatsey hereby agrees to release, relinquish, waive or abandon to the United States or to the State of West Virginia any and all right, title and interest he may have in the electronic devices seized from him and his residence during a search on October 28, 2021. The property hereby abandoned by the defendant under this paragraph will be destroyed

                                                       TCR  
                                                  Defendant's  
                                                    Initials

John A. Carr, Esq.
May 25, 2022                      Re: Todd Christopher Roatsey
Page 6

or otherwise disposed of by federal, state or local law enforcement officers according to the law.

7. **PAYMENT OF MONETARY PENALTIES**. Mr. Roatsey authorizes the Financial Litigation Program in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Roatsey agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Roatsey further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

Mr. Roatsey authorizes the United States, through the Financial Litigation Program, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In addition to any payment ordered by the Court, Mr. Roatsey shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

Mr. Roatsey agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Program, 300 Virginia Street E., Suite 4000, Charleston, West Virginia 25301, in writing and shall instruct his attorney to notify FLP immediately of his representation.

                                                   *TCR*
                                         Defendant's
                                         Initials

John A. Carr, Esq.
May 25, 2022                                    Re: Todd Christopher Roatsey
Page 7

8. **COOPERATION.** Mr. Roatsey will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Roatsey may have counsel present except when appearing before a grand jury.

9. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Roatsey, and except as expressly provided for in paragraph 11 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

10. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Roatsey for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Roatsey for perjury or false statement if such a situation should occur pursuant to this agreement.

11. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Roatsey stipulate and agree that the facts comprising the offense of conviction and some, but not all, relevant conduct, include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

Mr. Roatsey agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the third superseding indictment, as more specifically described

_TCR_
Defendant's
Initials

John A. Carr, Esq.
May 25, 2022                          Re: Todd Christopher Roatsey
Page 8


in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Roatsey or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Roatsey knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Roatsey understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

12. **RULE 11(c)(1)(C) AGREEMENT**. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States and Mr. Roatsey agree that the appropriate disposition of this case is for the sentences of imprisonment for the offenses of conviction (Counts One and Three of the third superseding indictment) to run consecutive to each other, with a total sentence of imprisonment of not less than 25 years (300 months) and not more than 35 years (420 months). The parties further agree that a lifetime term of supervised release is the appropriate disposition. Mr. Roatsey understands that this agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) is not binding on the District Court unless and until the District Court accepts this plea agreement. If the Court refuses to accept this plea agreement, Mr. Roatsey has the right to void this agreement and may withdraw his guilty plea.

13. **WAIVER OF APPEAL AND COLLATERAL ATTACK**. Mr. Roatsey and the United States both knowingly and voluntarily waive the right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined,

*TCR*
_____
Defendant's
Initials

John A. Carr, Esq.
May 25, 2022Re: Todd Christopher Roatsey
Page 9

on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that both parties may appeal a sentence of imprisonment or term of supervised release that deviates from the sentence agreed upon pursuant to Fed. R. Crim. P. 11(c)(1)(C) as set forth in Paragraph 12 above. Mr. Roatsey also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statutes of conviction (18 U.S.C. §§ 2251(a) and (e) and 2422(b)) are unconstitutional, and (2) Mr. Roatsey's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of §§ 2251(a) and (e) and 2422(b).

Mr. Roatsey also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

14. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Roatsey knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

15. **SEX OFFENDER REGISTRATION REQUIREMENT.** Mr. Roatsey understands and acknowledges that under the Federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee and where he is a student. Mr. Roatsey understands that the federal registration requirement and any state registration requirement may apply throughout his life. Mr. Roatsey further understands

_TCR_____
Defendant's
Initials

John A. Carr, Esq.
May 25, 2022                                    Re: Todd Christopher Roatsey
Page 10

that the requirement to keep the registration current includes informing at least one of the aforementioned jurisdictions not later than three days after any change of name, residence, employment or student status. Mr. Roatsey understands that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

16. **FINAL DISPOSITION**. The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Roatsey;

(f) Advise the Court concerning the nature and extent of Mr. Roatsey's cooperation; and

(g) Address the Court regarding the issue of Mr. Roatsey's acceptance of responsibility.

17. **VOIDING OF AGREEMENT**. If either the United States or Mr. Roatsey violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

_TCR_
Defendant's
Initials

18. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Roatsey in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Roatsey in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

                            WILLIAM S. THOMPSON
                            United States Attorney

By:  *[signature]*
                            Jennifer Rada Herrald
                            Assistant United States Attorney

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 11-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

*Todd Christopher Roatsey*                5.27.2022
Todd Christopher Roatsey           Date Signed
Defendant

*[signature]*                              27 MAY 22
John A. Carr, Esq.                    Date Signed
Counsel for Defendant

                                              TCR
                                      Defendant's
                                      Initials

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 2:21-cr-00235

**TODD CHRISTOPHER ROATSEY**

### STIPULATION OF FACTS

The United States and TODD CHRISTOPHER ROATSEY, hereinafter "I," "me," and "my") stipulate and agree that the facts comprising the offenses of conviction (Counts One and Three in the third superseding indictment) and some, but not all, relevant conduct include the following:[1]

**DEFENDANT'S FACTUAL BASIS FOR GUILTY PLEA**

Between on or about January 25, 2020, through on or about February 16, 2020, at or near my residence in Elkview, Kanawha County, West Virginia, I used my Snapchat account, "cdaily2002," to communicate with Minor Female 1 via Snapchat, which is a messaging platform that utilizes the Internet and cellular networks to send and receive messages. During my conversations with Minor Female 1, I persuaded Minor Female 1 to create and send me sexually explicit videos of herself, including over a dozen videos of her masturbating by penetrating her vagina with a marker. I recorded more than thirty videos of my Snapchat conversations with Minor Female 1 using screen-recording software on my cell

---

[1] This Stipulation of Facts and Factual Basis for Guilty Plea does not contain each and every fact known to TODD CHRISTOPHER ROATSEY and to the United States concerning his involvement and the involvement of others in the charges set forth in the Third Superseding Indictment.

**PLEA AGREEMENT EXHIBIT A**

1

phone. Over the course of my conversations with Minor Female 1, I gradually encouraged her to send increasingly explicit videos, starting first with videos of her rubbing her vagina over her clothing, then videos of her masturbating under her underwear, and ultimately videos of her masturbating with her nude vagina exposed. At the time I recorded these videos, I believed Minor Female 1 to be under the age of 18. I also sent Minor Female 1 videos of me masturbating in bedrooms in my residence in Elkview, Kanawha County, West Virginia.

On January 25, 2020, I used the same Snapchat account to communicate with Minor Female 2, who I also believed to be under the age of 18. At my direction, Minor Female 2 recorded and sent me several videos depicting her masturbating with her nude vagina exposed. I also sent Minor Female 2 videos of me masturbating at my residence. I recorded these videos by using the same screen-recording software as with Minor Female 1.

I additionally used the "cdaily2002" Snapchat account to communicate and record videos of several minor females I personally knew through my work as an elementary school counselor employed by Kanawha County Schools. When I used my "cdaily2002" Snapchat account, I identified myself as an 18-year-old boy and sent purported photos of my fictitious teenage persona to girls. I recorded over 100 videos depicting two local girls that I knew to both be approximately age 12 at the time. In the videos, the girls would send me recordings of themselves doing "sexy" dance routines or various gymnastics poses (such as full backbends), often while wearing only sports bras and shorts. I would respond with comments calling the girls "hot" or "sexy."

I also used two different accounts with Mega, an encrypted online file-sharing, file storage, and chatting platform. On October 9, 2019, through one of those accounts, I engaged in a chat with another Mega user during which I sent several sexually

**PLEA AGREEMENT EXHIBIT A**

2

explicit images and videos depicting minors. One such video depicted two fully nude prepubescent minors being vaginally penetrated by an adult male. In my second Mega account, I possessed hundreds of sexually explicit images and videos depicting minors, including infants and toddlers.

On July 16, 2021, I used one of my Kik Messenger accounts to send videos of child pornography to several other Kik users via direct messages. For example, in one video a prepubescent female penetrates herself both vaginally and anally with a marker and her fingers. I sent these videos from my residence in Elkview.

On April 29, 2021, I also used my phone to access several online file-storage platforms, including Mega and Google Drive. While accessing these platforms, I scrolled through numerous folders that contained dozens of thumbnail previews for video files. The thumbnail videos depicting prepubescent minors, including infants and toddlers, engaged in sexually explicit conduct. I created a screen recording of myself scrolling through these various folders.

On October 28, 2021, law enforcement with Homeland Security Investigations, an agency of the United States, executed a search warrant on my residence in Elkview and seized numerous electronic devices, including computers and my cell phone. Several of these devices, including my cell phone, contained images and videos of child pornography. These images and videos included the screen recordings of Minor Females 1 and 2 as well as other images of prepubescent minors engaged in sexually explicit conduct that I had downloaded or received over the Internet.

Several hours after law enforcement left my residence on October 28, 2021, I deleted my Snapchat account "cdaily2002." I deleted this account in order to destroy electronic records associated with the account. At the time, I intended to prevent

*TCR* *TCR* *TCR* *TCR* *TCR*

law enforcement from obtaining these records and make them unavailable to be used against me during any court proceedings.

Stipulated and agreed to:

_Todd Christopher Roatsey_       5.27.2022
TODD CHRISTOPHER ROATSEY     Date
Defendant

_[signature]_      27 MAY 22
JOHN A. CARR, ESQ.     Date
Counsel for Defendant

_[signature]_      5-31-22
JENNIFER RADA HERRALD     Date
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**
4