```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                                    CRIMINAL NO. 2:21-00235

**TODD CHRISTOPHER ROATSEY**

### SENTENCING MEMORANDUM OF THE UNITED STATES

Comes now the United States of America by Assistant United States Attorney Jennifer Rada Herrald and files this Sentencing Memorandum. Based on the facts set forth in the Presentence Investigation Report ("PSR") and as more fully discussed below, defendant's conduct warrants a sentence of 35 years in prison, which is the top end of the sentencing range agreed to by the parties in the Rule 11(c)(1)(C) plea agreement and already a substantial downward variance from the advisory guideline range of life in prison.

**A. Background**

Defendant has spent his entire adult life engaged in the sexual abuse and exploitation of children. Starting in his early twenties and continuing through his arrest in this case two decades later, defendant has engaged in nearly every type of sexual abuse that exists. During that time, he has:

- Sexually abused at least two children between the ages of 11 and 13 in the early 2000s by repeatedly having sexual intercourse with them while he was an adult;

- Pretended to be a teenage boy on Snapchat in order to produce child pornography of at least two minors;

- Pretended to be a teenage boy on Snapchat in order to engage in sexually inappropriate conversations with elementary school students he knew through his employment at Pinch Elementary;

- Communicated with other pedophiles online to exchange images and videos of the sexual abuse of children as young as infants and toddlers;

- Collected child sexual abuse materials depicting the sexual abuse of children, including infants and toddlers, both on his own computer equipment and on secure online file storage platforms;

- Participated in online teen dating groups while pretending to be a teenager in order to communicate with underage girls and direct them to his Snapchat account;

- Participated in online chat groups dedicated to encouraging incest;

- Commented on posts on online chat forums to encourage sexual activity between adults and minors;

- Encouraged minors online to send him images of their breasts;

- Recorded inappropriate videos of students at his school; and

- Masturbated to images of students from his school.

This is only the conduct that has been disclosed to law enforcement by victims or located on defendant's computer equipment and online media accounts. Given the low rates at which victims of sexual abuse report their victimization and defendant's use of encrypted online programs, VPNs (to hide his IP address and other online

2

identifiers), and extremely thorough anti-forensic software, this is likely an incomplete picture of the totality of defendant's exploitation of children over the last twenty years.

Defendant's earliest known sexual abuse of children dates to when he was in his early twenties. During that time, defendant befriended two girls at the pool where he worked as a lifeguard and persuaded them to engage in sexual intercourse with him. One of his victims was 13 at the time, and the other was only 11 years old when he began his approximately two-year period of sexual abuse. The long-term impact on both victims was profound, as further detailed in the PSR.

At approximately the same time frame that he was abusing these two young girls, defendant began working as a substitute teacher in Kanawha County Schools. He eventually became a full-time elementary school counselor, first at Harts Primary School in Lincoln County beginning in 2008 and then at Pinch Elementary in Kanawha County since 2012. Defendant's chosen career path — a counselor for elementary school children — placed him in a position of trust over children of the age to which he was sexually attracted. His particular role as counselor also gave him the direct ability to identify vulnerable children based upon his knowledge of their home situations and mental health. This decision to gain access to children through his work illustrates the deeply

3

concerning and predatory behavior demonstrated by defendant for so many years.

In a particularly disturbing abuse of his position at Pinch Elementary, in 2018 defendant made a video recording of an approximately 4th or 5th grade student on the playground during the school day. This video (filed separately under seal as Exhibit 1) depicts the young girl on a swing while wearing a dress with coordinating shorts underneath. She is standing on the swing with one leg while swinging the other leg for momentum. During the approximately one-minute video, defendant repeatedly switches the video to slow motion during moments when the camera is recording up the girl's dress and shorts. Given defendant's obvious sexual interest in children, there is little doubt as to his reasons for creating such a troubling video.

But if any doubt did exist as to his intentions regarding images and videos of his students, another video located on defendant's cell phone unquestionably removes it. In a screen recording saved by defendant, he is depicted masturbating while directing the victim of the offenses of conviction (Minor Female 1) to send him sexually explicit videos over Snapchat. Apparently not quite satisfied with the live-streaming child pornography from that girl, defendant scrolls through the photos on his phone until he finds a picture of a Pinch Elementary School student. He then zooms in on the face of one of the two young girls. This video

4

confirms that defendant was a predator who took advantage of his position as a school counselor to identify local children to exploit for his own sexual gratification.

Defendant also turned to the internet to further his sexual interest in children. Having reached an age where young girls would likely have no interest in him, he created a Snapchat account and pretended to be an 18-year-old boy. From this account, defendant reached out to multiple children he knew through Pinch Elementary, tricking them into believing they were talking to an attractive teen rather than their middle-aged school counselor.[1] An example of the types of videos defendant secretly recorded from these Snapchat conversations is attached as Exhibit 2 (filed separately under seal). In the video, defendant encourages two girls (one of whom had just completed 4th grade at Pinch Elementary) to send him sexy videos of themselves dancing. The video also includes a picture he sent the two girls, purportedly of himself. A screenshot depicting this photograph and some of defendant's comments to the girls is attached hereto as Exhibit 3. This video is one of over a hundred similar videos recorded by defendant. These videos are yet another example of defendant's exploitation of local girls who

---

[1] Defendant had also been warned by the school system to not contact students via social media, so defendant used his fictitious persona to get around this prohibition.

5

were supposed to be able to place their trust in their school counselor.

Defendant also utilized his deceptive Snapchat account to actually produce child pornography of at least two victims who lived outside the area. These unidentified minors, believing defendant was the attractive teen depicted in Exhibit 3, sent him dozens of graphic videos of themselves masturbating. Defendant explicitly and in very vulgar terms told them what he wanted them to do. He also sent the girls videos of himself masturbating. Defendant has pled guilty to charges related to this conduct as to one of the victims, who he believed to be 16 years old.

If his hands-on abuse of children, exploitation of his position as an elementary school counselor for his own sexual gratification, and use of deception to entice minors to produce sexually explicit videos was not enough to demonstrate his egregious predatory behavior, defendant also was extensively involved in the exchange of child pornography with other men intent on abusing children. Defendant maintained extensive online collections of child pornography, including videos graphically depicting the sexual abuse of extremely young children. In order to leave no doubt as to their content, these files were stored in folders with names such as "CP" and "Rape." Defendant had two different accounts on the file storage and exchange platform Mega, a platform popular with pedophiles due to the sophisticated

encryption utilized. In once account, law enforcement located 36 GB of child pornography, and in the other account there was a saved conversation wherein defendant transferred videos of prepubescent child pornography to another person.

Defendant also used the messaging application Kik to exchange child pornography. In the above-mentioned Mega conversation, he and the other user expressed their concerns about Kik being shut down and cutting off their pipeline for new child sexual abuse materials. Defendant's use of Kik to distribute child pornography is what initially tipped law enforcement off to his crimes; when defendant failed to sign in through a VPN to mask his identity when he transferred child pornography to numerous other individuals on Kik, the service was able to flag his account and identify him for law enforcement to investigate. Had defendant not slipped up and failed to mask his IP address, it is likely he would still be actively exploiting minors.

Defendant was also a frequent user of a website known as Quora, which consists of user-created groups where people with common interests can communicate. Defendant again posed as a teenager and followed several teen-only dating pages, presumably to meet underage girls and do research on communication between teenagers to refine his skills for deceiving teens online. He messaged with several underage users, at least one who was only 13, and attempted to get them to talk to him on his Snapchat

7

account. On Quora he also participated in incest groups such as "Club Incest" and made numerous posts encouraging minors to continue to allow family members to abuse them because it would make them "very good in bed" and better able to satisfy their future husbands so that their spouses would not cheat.

Defendant's conduct involved nearly every way a person can exploit children and has occurred over a two-decade time period. Defendant intentionally placed himself in a position of trust at an elementary school in order to surround himself by the kinds of children to whom he was sexually attracted. Defendant is a sexual predator of the most egregious variety, and his sentence must reflect the substantial harm that he has done to so many children in such a wide variety of ways over such a long period of time.

### B. Sentencing Factors

In considering the 18 U.S.C. § 3553(a) sentencing factors, the United States asks that the Court consider the following:

**(1) The nature and circumstances of the offense.**

The offenses of conviction involve defendant lying about his identity to convince a 16-year-old girl (Minor Female 1) to produce dozens of videos of herself masturbating for his own personal enjoyment. Defendant had to gradually persuade her to become more and more explicit in these videos. And defendant surreptitiously recorded and preserved what the minor believed would be automatically deleted by Snapchat without being saved anywhere.

8

Defendant's deceptive and predatory conduct in committing the most egregious of the federal child pornography offenses — production — warrants a sentence of 35 years.

**(2) The history and characteristics of the defendant.**

It is defendant's history and characteristics that make a sentence below 35 years unreasonable under § 3553(a). As detailed above, defendant has engaged in a long-term campaign of abusing and exploiting children, both in person and online. He has used deceptive means to trick both unknown minors into sending him sexually explicit videos and local children from his own school into engaging in abhorrent, sexually suggestive conversations with him. He used his position as a lifeguard to convince two young girls to have sex with him. He has placed himself in a position of trust at an elementary school to have a hunting ground for vulnerable girls in his community. He has collected and exchanged images and videos of the horrendous sexual abuse of extremely young children with other predators from around the world. He has taken numerous measures to attempt to avoid detection, including using VPNs and extremely effective anti-forensic software on his computers. Simply put, he is among the worst offenders the undersigned counsel has seen in her decade of prosecuting child sex offenses in this district.

Reasons that have been used to justify downward variances in other cases simply do not apply to defendant. Unlike many child

pornography offenders, defendant has had hands-on victims. Unlike some sex offenders in this district who have engaged in their criminal activity over only a short period of time, defendant's predatory behavior spans twenty years. Unlike most other sex offenders, defendant placed himself in a position of trust within an elementary school and abused that position to identify and target students within the school for his own sexual gratification. Unlike most offenders, who engage in only one type of sexual abuse, defendant has exploited children in nearly every way possible. And unlike some other offenders, there is no reason to believe that such a prolific and long-term abuser of children through such a wide variety of methods will be able to curb his lifelong sexual interest in children.

It is true that defendant has been gainfully employed and, by external appearances, has been a productive member of society engaged in a noble profession of public service in the school system. But defendant has been a wolf in sheep's clothing. His outward appearance of respectability cloaked the predator beneath, who used this gainful employment to have access to children. Predators like defendant, who so egregiously abuse the trust that parents and the community place in them, tarnish the reputations of the hardworking and dedicated teachers in our community and erode the safe environment that a school should provide.

Defendant's employment history is an aggravating, rather than mitigating, factor for purposes of sentencing.

Defendant's history and characteristics reveal a person who has preyed on children his entire adult life and has used a wide variety of means to achieve this purpose, including working at an elementary school. There is no justification under this factor to vary downward further than the already variant sentence of 35 years in prison.

> **(3) Need for sentence imposed to reflect seriousness of the offense, respect for the law, just punishment, adequate deterrence, and to protect the public.**

Defendant's offense is unusually egregious, and his sentence must reflect that fact. A sentence at the top end of the range under the plea agreement reflects the seriousness of the offense and satisfies the need for just punishment. It also is necessary to promote respect for the law, particularly in light of defendant's attempt to obstruct justice by deleting his Snapchat account immediately after federal agents executed a search warrant at his house. A sentence of 35 year also sends a clear message to other would-be offenders that our society does not tolerate this type of exploitation of children. Finally, and most importantly, the maximum sentence under the plea agreement ensures that the community will be protected for as long as possible from a man who has exploited children in so many different ways for such a long period of time.

**(4) Need to avoid unwarranted sentencing disparities among similarly situated defendants.**

Defendant's offense level under the sentencing guidelines is quite literally off the chart. And yet it also fails to fully capture the extent of his conduct. Despite defendant's role as a figure of trust in an elementary school, this enhancement does not apply because he was not in a position of trust over the victim of the offense of conviction. His possession of images and videos depicting horrific abuse of infants and toddlers is not captured in his guideline calculation. His sexual abuse of two children twenty years ago is not captured in his guidelines except by being lumped in generally to the pattern of conduct enhancement under USSG § 4B1.5. His extensive distribution of child pornography to other pedophiles around the world is not included in his guideline calculation. There is thus a strong argument that defendant's conduct is more egregious than other offenders with the same guideline calculation.

However, there is obviously no higher for his guidelines to go than an offense level of 43 with an advisory guideline of life in prison. A 35-year sentence under the plea agreement is thus already a downward variance from what would be the advisory guideline range for defendants who had committed less serious and extensive crimes. Accordingly, any further variance below 35 years

would create the kind of unwarranted sentencing disparities that 18 U.S.C. § 3553(a) is designed to avoid.

### C. Conclusion

The United States respectfully requests that the Court accept the plea agreement and sentence defendant to 35 years in prison followed by a lifetime term of supervised release.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney

/s/Jennifer Rada Herrald
JENNIFER RADA HERRALD
Assistant United States Attorney
WV Bar No. 12181
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: jennifer.herrald@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "SENTENCING MEMORANDUM OF THE UNITED STATES" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 10th day of November, 2022 to:

> John A. Carr, Esq.
> John A. Carr Attorney at Law, PLLC
> 179 Summers Street, Ste 209
> Charleston, WV 25301
> E-mail: jcarr@jcarrlaw.com

> /s/Jennifer Rada Herrald
> JENNIFER RADA HERRALD
> Assistant United States Attorney
> WV Bar No. 12181
> 300 Virginia Street, East
> Room 4000
> Charleston, WV 25301
> Telephone: 304-345-2200
> Fax: 304-347-5104
> Email: jennifer.herrald@usdoj.gov